UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ERIC SWADE OWEN, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CRIMINAL ACTION NO. V-03-25 |
| § | CIVIL ACTION NO. V-05-33 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**ORDER**

Pending before the Court is Petitioner Eric Swade Owen's ("Owen") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. #107). Having reviewed the motion, the record and the relevant law, the Court is of the opinion that the motion should be DENIED. Additionally, the Court DENIES Owen a Certificate of Appealability.

**Background**

On April 17, 2003, the Government filed a seven count indictment against Owen and one additional co-defendant. (Dkt. #1). Owen was charged with various crimes, including the distribution of a controlled substance. On July 9, 2003, a ten count superseding indictment was filed with the Court. (Dkt. #38). On October 31, 2003, Owen signed a plea agreement (Dkt. #76) and pled guilty to count four of the superseding indictment which charged him with knowingly and intentionally possessing pseudoephedrine tablets with the intent to manufacture methamphetamine (Dkt. #75). Subsequently, the remaining counts of the superseding indictment were dismissed. (Dkt. #101).

On February 2, 2004 Owen was sentenced to 150 months of imprisonment to be followed by three years of supervised release (Dkt. #96). Owen's judgment was entered on February 4, 2004.

(Dkt. #102). Owen did not appeal his sentence. On February 9, 2005, Owen filed a motion for an extension of time to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Dkt. #105). On March 17, 2005, Owen filed his actual motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. 2255. (Dkt. #107).

## Discussion

Owen's motion to vacate, set aside, or correct sentence is untimely under the plain language of 28 U.S.C. § 2255 ("Section 2255"). A motion filed under Section 2255 must be filed within one year of the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The operative date in this case is February 18, 2004, which is the last day that Owen could have filed a timely notice of appeal. On that date Owen's judgment of conviction became final because he failed to file an appeal. Fed. R. App. P. 4(b); *Plascencia v. United States*, No. Civ. A. 105CV111-C, Civ. A. 103CR035C, 2005 WL 2124465, *1 (N.D. Tex. Sep. 1, 2005)(citing Fed. R. App. P. 4(b); *Moshier v. United States*, 402 F.3d 116, 117 (2d Cir. 2005); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999)). Because Owen filed his motion to vacate, set aside, or correct sentence on March 17, 2005, which is more than one year after February 18, 2004, his Section 2255

2

motion is untimely and he is not entitled to relief.[1]

Owen's filing of a motion for an extension of time to file his Section 2255 motion does not except him from the statutory time bar. "[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." *Green v. United States*, 260 F.3d 78, 82 (2nd Cir. 2001); *see United States v. Leon*, 203 F.3d 162, 163 (2nd Cir. 2000); *United States v. Callahan*, No. 03-30244, 2003 WL 21554914 (5th Cir. July 9, 2003). In this case, Owen filed his motion for an extension of time before he filed his actual Section 2255 motion, therefore he is not entitled to relief. Furthermore, the Court cannot construe Owen's motion for an extension of time (Dkt. #105) as a proper motion under Section 2255 because it does not articulate any grounds for relief. *Green*, 260 F.3d at 83. Lastly, Owen is not entitled to relief under a theory of equitable tolling. The Section 2255 limitations period may be equitably tolled "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "[E]xtraordinary circumstances exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002)(citing *United States v. Patterson*, 211 F.3d 927, 931-32 (5th Cir. 2000)). Such circumstances do not exist in this case.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). Although Owen has not yet filed a notice of appeal, the Court nonetheless

---

[1] A district court may raise the statute of limitations under the Antiterrorism and Effective Death Penalty Act *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Owen's § 2255 motion and that reasonable jurists could not debate whether the district court was correct in its procedural ruling. Accordingly, Owen is not entitled to a COA.

**Conclusion**

For the foregoing reasons, Owen's Section 2255 motion is hereby DENIED. The Court also DENIES Owen a Certificate of Appealability.

Signed this 22nd day of January, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE